Filed 2/11/21  P. v. Tate CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B306057 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA071443) |
| v. | |
| TYRONE TATE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2017, a jury found defendant Tyrone Tate (defendant) guilty of making criminal threats against the mother of his children (Pen. Code,[1] § 422(a)), violating a domestic violence protective order with violence or threats of violence (§ 166(c)(4)), and misdemeanor vandalism (§ 594(a)). The convictions arose from a series of events one afternoon and evening when defendant threatened to beat the mother of his children, punched through a window at the apartment where she and the children were living, and accosted her in the apartment—smacking a phone out of her hand when she said she was calling the police. The trial court sentenced defendant to nine years in prison, five years of which were imposed pursuant to section 667(a)(1) for having sustained a prior serious felony conviction.[2]

In an unpublished decision, we affirmed the judgment but remanded to give the trial court the opportunity to consider whether it wished to exercise newly granted discretion (Sen. Bill No. 1393 (2017-2108 Reg. Sess. §§ 1-2)) to strike or dismiss the five-year section 667(a)(1) enhancement term it imposed. (*People v. Tate* (Jun. 6, 2019, B287447) [nonpub. opn.].) On remand, the trial court declined to exercise its discretion.

Defendant appealed and this court appointed counsel to represent him. After examining the record, counsel filed an

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] At sentencing, the trial court observed defendant had a "lengthy and consistent criminal history, including three prior felony cases"; had "not gone more than about [two and half years] without committing a new criminal offense"; and his "performance on probation and parole ha[d] been unsatisfactory."

opening brief raising no issues.  On September 22, 2020, this court advised defendant he had 30 days to personally submit any contentions or issues he wanted us to consider.  We received no response.

We have examined the appellate record and are satisfied defendant's attorney has complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



RUBIN, P. J.



MOOR, J.